**LO SHENG CHEN, Petitioner,**

v.

**BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,\* Respondent.**

**Docket No. 03–40715.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2005.

Lo Sheng Chen, New York, NY, for Petitioner, pro se.

Alice H. Martin, United States Attorney for the Northern District of Alabama, Jen-

\* We have corrected the caption and request that the Clerk of the Court change the official caption accordingly.

ny L. Smith, Assistant United States Attorney, Birmingham, AL, for Respondent.

PRESENT: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, District Judge.**

## SUMMARY ORDER

Petitioner Lo Sheng Chen, a citizen of the People's Republic of China, petitions for review from an order of the Board of Immigration Appeals ("BIA"), dated September 11, 2003, summarily affirming an Immigration Judge's ("IJ's") denial of petitioner's requests for asylum, withholding of removal, and relief under the United National Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). We assume the parties' familiarity with the facts, proceedings below, and specification of issues.

Petitioner requests relief from removal based on the alleged persecution that he suffered as a result of his practice of the Buddhist religion. Specifically, petitioner claimed that Chinese authorities (1) slapped him; (2) obstructed him from building a Buddhist temple; and (3) attempted to arrest him because of his religious beliefs. The IJ denied petitioner's claims for relief principally based on an adverse credibility determination.

In cases such as this, when the BIA issues a decision affirming, without opinion, the decision of the IJ, we review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir. 2003). The IJ concluded, *inter alia*, that it was implausible that (1) after petitioner was slapped by Chinese officials and "escaped," he was able to practice Buddhism and live in his community unimpeded for a number of months and (2) petitioner was able to cross the border and leave China unimpeded, using documents that bore his name and picture, even though Chinese officials were actively pursuing and threatening to arrest him for his religious beliefs.

This Court reviews the IJ's factual findings, including its credibility determinations, pursuant to a substantial evidence standard. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004). We can only reverse the IJ's determination for lack of substantial evidence if no reasonable fact-finder could have made that determination. *Id.* at 177. Upon our review of the record and relevant case law, we conclude that the IJ's determination—that petitioner failed to establish a credible account of past persecution or a reasonable fear of future persecution—is supported by substantial evidence.

We have considered petitioner's remaining arguments and we find them to be without merit. For the foregoing reasons, the petition for review is DENIED.

** The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.